AARON D. FORD
  Attorney General
JEFFERY A. COGAN, Bar No. 4569
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1261
E-mail: jcogan@ag.nv.gov

*Attorneys for Defendants
Barbara Cegavske, Aaron Ford,
Maribelle Henry, Steve Sisolak,
Colette Stammerjohn, Harold Wickham,
James Dzurenda, Renee Baker and Tara Carpenter*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS RUIZ,<br><br>              Plaintiff,<br><br>vs.<br><br>ROMEO ARANAS, et al.,<br><br>              Defendants. | Case No.  3:18-cv-00206-RCJ-WGC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO SERVE DISCOVERY RESPONSES TO INTERROGATORIES, REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]<br>(FIRST REQUEST)** |

Defendants Barbara Cegavske, Aaron Ford, Maribelle Henry, Steve Sisolak, Colette Stammerjohn, Harold Wickham, James Dzurenda, Renee Baker, and Tara Carpenter, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Jeffrey A. Cogan, Deputy Attorney General, submits this Motion for Extension of Time to Serve Discovery Responses to Interrogatories, Requests for Admissions and Request for Production of Documents [Set One].

### POINTS AND AUTHORITIES

I.   **INTRODUCTION**

This is a *pro se* prisoner civil rights action brought by inmate Plaintiff Carlos Ruiz (Plaintiff) concerning events that allegedly took place at the Lovelock Correctional Center (LCC), asserting claims arising under 42 U.S.C. § 1983.  Plaintiff alleged that he is

1

1   registered as a practitioner of "Messianic Judaism." (ECF No. 6 at 8). Plaintiff alleged,
2   "Defendants, through AR 810, deny Messianic Judaism practitioners from keeping their
3   appointed holy days on the days they occur and refuse to provide grape juice and matzah
4   for Messianic sabbath services and high sabbaths per AR 810." (*Id.*)

5   On November 5, 2020, Plaintiff propounded Interrogatories to James Dzundenda,
6   Governor Steve Sisolak, Secretary of State Barbara Cegavske, Attorney General Aaron
7   Ford, Mary Henry, Tara Carpenter, Renee Baker and Harold Wickham. He propounded
8   Request for Admissions to Tara Carpenter, Renee Baker, and Harold Wickham and a
9   Request for Production of Documents to Barbara Cegavske. A total of eighty-two (82)
10  interrogatories were propounded to the defendants, thirty-four (34) requests for
11  admissions, and two (2) requests for production of documents. Named defendant Rabbi
12  Yisroel Rosskamm has not been served and the Court gave Plaintiff until December 18,
13  2020 to complete the USM-285 service form and return it to the U.S. Marshall so the U.S.
14  Marshall may attempt service upon Rabbi Rosskamm. (ECF No. 28 at 2).

15  The Court's Scheduling Order states that discovery shall be completed by
16  December 24, 2020. (ECF No. 22 at 5, lines 8-9).

17  **II.    LEGAL STANDCARD**

18  "For good cause, the court may extend the time prescribed by these rules or by its
19  order to perform any act, or may permit an act to be done after that time expires." Fed. R.
20  Civ. P. 26(b). "The proper procedure, when additional time for any purpose is needed, is
21  to present to the Court a timely request for an extension before the time fixed has expired
22  (*i.e.*, a request presented before the time fixed for the purpose in question has expired).
23  *Pickett v. Valdez*, Case No. 3:17-cv-00567-MMD-WGC, 2019 WL 2570524, *2 (D. Nev.
24  June 21, 2019) citing *Canup v. Miss. Valley Barge Line Co.,* 31 F.R.D. 282, 283 (D. Pa.
25  1962). The *Canup* Court explained that the "practicalities of life" (such as an attorney's
26  "conflicting professional engagements" or personal commitments such as vacations, family
27  activities, ilnnesses, or death) often necessitate an enlargement of time to comply with a
28  court deadline.  *Id.*  Extensions of time "usually are granted upon a showing of good

cause, if timely made." *Id.* citing *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See In re Western States Wholesale Natural Gas Antitrust Litigation,* 715 F.3d 716, 737 (9th Cir. 2013) citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

### III.   ARGUMENT

Defendants' request is timely as discovery served on November 5, 2020 is not due until December 9, 2020. Since receiving the discovery, Defendants' counsel has been preparing proposed responses for client review and had delays in completing the answers. Because discovery must be completed by December 24, 2020 pursuant to the Court's Scheduling Order (ECF No. 9), there is no prejudice to Plaintiff by the extension as he may not propound additional discovery. Thus, Plaintiff's case will not be hindered nor is there prejudice to Plaintiff's case. The additional time will allow for more thorough response to Plaintiff's discovery requests. Defendants' request an extension of fourteen (14) days to December 22, 2020 to allow Defendants to adequately research and respond to Plaintiff's extensive discovery requests.

Finally, as Yisroel Rosskamm has yet to be served, there is a possibility that that a motion to extend the discovery deadline may be filed by Plaintiff or by Rabbi Rosskam.

DATED this 9th of December, 2020.

AARON D. FORD
Attorney General

By: /s/ Jeffrey A. Cogan
JEFFREY A. COGAN, Bar No. 4569
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED:  December 9, 2020.

_____
UNITED STATES MAGISTRATE JUDGE