# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARLOS RUIZ, | ) | 3:18-cv-00206-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | June 11, 2021 |
| ROMEO ARANAS, et al., | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>KAREN WALKER</u>     REPORTER:  <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Motion for Reconsideration of Order Denying Motion to Compel" (ECF No. 56). Plaintiff requests reconsideration of the court's order (ECF No. 54) denying Plaintiff's motion to compel as "the court did not have all the facts before making its decision.  The court acknowledged that Ruiz had not filed a reply when it, but, without reply, Ruiz was unable to confirm what discovery had been sent to him and what had not." (*Id.* at 4, 5.)

The court's order denying Plaintiff's motion to compel (ECF No. 54) did not address the subject of the motion for reconsideration - which is a discovery request to Defendant Cegavske and her response (ECF No. 56 at pp 12-13).    The court did not address it as a subject because Plaintiff did not provide the court the discovery (RFP) response in his underlying motion to compel (ECF No. 49) – which Plaintiff now raises for the first time in his motion for reconsideration.   The court cannot "reconsider" something it did not address in the first instance.  Therefore, there is nothing for the court to "reconsider" regarding the validity of Defendants' responses to Plaintiff's discovery requests.

That being said, the court ordered the parties to meet and confer to discuss any potential discovery disputes with regard to Defendants' responses to Plaintiff's outstanding discovery requests.   The parties shall therefore address in this meet and confer conference Plaintiff's objections to the Cegavske responses to Plaintiff's request for production (set one, RFP # 1).

///

MINUTES OF THE COURT
3:18-cv-00206-RCJ-WGC
June 11, 2021
Page 2

_____/

      In that regard, the court suggests Defendant's counsel reconsider Cegavske's objection to the requested discovery on the grounds these documents are not "in this Defendant's personal possession." Plaintiff notes how the Secretary of State, by statute, is the Secretary of the Board of Prison Commissioners (NRS 209.101(3). Reports from the Chief Medical Officer are to be presented to the Board (NRS 209.382) and the secretary (Cegavske) is obligated to "keep full and correct records of all the transactions and proceedings of the board (NRS 209.101(5))". Also, whether these records are "in the control of the NDOC" is immaterial; the records Plaintiff seeks are supposed to be maintained by Defendant Cegavske. Similarly immaterial is whether the "State's CMO" is an employee of HHS; the reports of the CMO – by whomever employed – are supposed to be presented to the Board of Prison Commissioners, of which, as noted above, Cegavske is secretary.

      The court reserves any discussion of the relevancy of the reports for the years 2015, 2016, 2017 and 2018, which Defendant claims is not "relevant to his case regarding the change to the Chapel Schedule at LCC in 2018." (ECF No. 56 at 13.)

      Based on the above, Plaintiff's Motion for Reconsideration of Order Denying Motion to Compel" (ECF No. 56) is **GRANTED IN PART** and **DENIED IN PART**.

      **IT IS SO ORDERED.**

                                                          DEBRA K. KEMPI, CLERK

                                                         By: _____/s/_____
                                                                  Deputy Clerk