AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV  89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants,*
*Barbara Cegavske, Aaron Ford,*
*Maribelle Henry, Steve Sisolak,*
*Colette Stammerjohn, Harold Wickham,*
*James Dzurenda, Renee Baker and Tara Carpenter*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLOS RUIZ,<br><br>          Plaintiff,<br><br>vs.<br><br>ROMEO ARANAS, et al.,<br><br>          Defendants. | Case No.  3:18-cv-00206-RCJ-WGC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS (FIRST REQUEST)** |

Defendants, Barbara Cegavske, Aaron Ford, Maribelle Henry, Steve Sisolak, Colette Stammerjohn, Harold Wickham, James Dzurenda, Renee Baker and Tara Carpenter, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Douglas R. Rands, Senior Deputy Attorney General, hereby request an extension of time to file their Motion for Summary Judgment which was to be filed on September 27, 2021 (ECF No. 54).  This motion is based on the following Memorandum of Points and Authorities, and all papers and pleadings on file in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This is a pro se prisoner civil rights action brought by inmate Plaintiff Carlos Ruiz, concerning events that allegedly took place at the Lovelock Correctional Center (LCC), asserting claims arising under 42 U.S.C. § 1983.

/ / /

Plaintiff alleges a First Amendment Claim relating to an alleged violation of the free exercise of religion. (ECF No. 6 at 7). The FAC alleges that he practices "Messianic Judiasm." [sic]. (ECF No. 6 at 8). Plaintiff alleges that effective February 1, 2018, changes would come pursuant to administrative regulation ("AR") 810. Id at 10. A memo sent to the inmates stated that all Holy days would be scheduled in conjunction with regularly schedule service time slots and that the culinary would only provide any religion with what was required by AR 810 and nothing more. Id. AR 810 states that no facility is required to hold the religious celebration on the actual date and may allow the holy date to be celebrated on an alternate date during normally schedule weekly worship. Id. at 11. AR 810 permits Messianics to use matzah and grape juice for their services but the NDOC religious practice manual does not require the NDOC to provide indigent inmates with matzoh and grape juice free of charge but makes it available for purchase. Id. at 13-14.

On June 7, 2021, this Court entered an Order setting forth that dispositive motions were to be filed by September 27, 2021 (ECF No. 54). Counsel for the Defense, however, has been preparing for a jury trial before this Honorable Court in the case of *Pamplin v Aranas*, Case No. 3:16-cv-00186-MMD-CLB which may be continued. Additionally, counsel is scheduled to defend up to 5 depositions in a wrongful death matter, to begin on September 27, 2021, should the *Pamplin* matter be continued. (*Burton v Fonseca*, Case No. 3:20-cv-00190-MMD-CLB). This will require preparation and attendance at the depositions. Finally, Counsel has been requested to help prepare for an evidentiary hearing in a death penalty matter. Counsel respectfully requests an additional thirty (30) days to file the Motion for Summary Judgment in this matter. This will allow Counsel to finish and file the Motion after these matters have concluded.

Courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate [] conduct. Id. (citing *Mazzeo v. Gibbons*, No. 2:08–cv01387–RLH–PAL, 2010 WL 3910072, at *2 (D.Nev.2010)).

LR IA 6-1 discusses requests for continuances. The rule states:

///

(a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of time to file motions." "This is the third motion to extend time to take discovery.")

This is the first request and is requested for good cause. Counsel requires additional time in order to obtain declarations to finish and file the Motion for Summary Judgment. With the matters discussed above concluding, an additional thirty (30) days will allow the Defendants to properly support this motion. Defendants have no objection to an additional time for Plaintiff to respond to the motion.

Therefore, it is requested that the Defendants have an additional 30 days to file their Motion for Summary Judgment, which would then be due on **October 27, 2021**.

DATED this 17th day of September, 2021.

AARON D. FORD
Attorney General

By: /s/ *Douglas R. Rands*
DOUGLAS R. RANDS
Senior Deputy Attorney General
State of Nevada
Public Safety Division

*Attorneys for Defendants*

There shall be no further extensions granted barring unforeseen and extenuating circumstances.

**IT IS SO ORDERED.**

DATED: September 20, 2021.

_____
UNITED STATES MAGISTRATE JUDGE