# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS RUIZ,<br><br>    Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No.: 3:18-cv-00206-RCJ-CSD<br><br>**ORDER**<br><br>Re: ECF No. 90 |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 90). Defendants have opposed Plaintiff's motion (ECF No. 95) and Plaintiff has replied (ECF No. 96).

Plaintiff bases his motion on the fact that he has been denied access "to books, caselaw, brass slips and other needs for the preparation of a pending trial." (ECF No. 90 at 1.)

While any *pro se* inmate such as Mr. Ruiz would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

/ / /

/ / /

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims to the court.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the

complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims remaining in this action are not unduly complex. Plaintiff's First Amended Complaint is proceeding on Count I, alleging that Plaintiff's right to worship on the actual holy days of his religion were infringed and that he was denied access to grape juice and matzo for worship, and on Count II, alleging that Plaintiff was denied access to an organic kosher menu in violation of his First Amendment rights. (ECF No. 82.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. Plaintiff has not provided any evidence, nor has he made any argument in his motion for appointment of counsel, showing that he is likely to prevail on the merits of his claims.

Plaintiff contends that he has been denied access "to books, caselaw, brass slips and other needs for the preparation of a pending trial." (ECF No. 90 at 1.) Attached to Defendants' opposition is the declaration of Kheila Brice, Law Library supervisor of the Southern Desert Correctional Center, who denies Plaintiff's claim that he does not have access to the law library. (ECF No. 95-1). It appears to the court that Plaintiff has been able to research the law, make legal arguments, and file the instant motion for appointment of counsel. Accordingly, even if taken as true, the Plaintiff's allegations do not have the effect of denying him meaningful access to the courts.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 90).

**IT IS SO ORDERED.**

Dated: July 12, 2022.

_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE