AARON D. FORD
Attorney General
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants,*
*Kim Adamson, Kathrine Hegge,*
*Maribelle Henry, Colette Stammerjohn,*
*Harold Wickham, Renee Baker and Tara Carpenter*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARLOS RUIZ,

Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

Case No. 3:17-cv-00643-RCJ-CSD
Case No.: 3:18-cv-00206-RCJ-CSD

**DEFENDANTS' AMENDED PROPOSED JURY INSTRUCTIONS**

Defendants, Kim Adamson, Kathrine Hegge, Maribelle Henry, Colette Stammerjohn, Harold Wickham, Renee Baker, and Tara Carpenter,by and through counsel, Aaron D. Ford, Nevada Attorney General, and Douglas R. Rands, Senior Deputy Attorney General, hereby submit Defendants' Amended Proposed Jury Instructions.

DATED this 21st day of April, 2023.

AARON D. FORD
Attorney General

By: <u>*/s/ Douglas R. Rands*</u>
DOUGLAS R. RANDS
Senior Deputy Attorney General
State of Nevada

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 21st day of April, 2023, I caused to be served, a true and correct copy of the foregoing, **DEFENDANTS' AMENDED PROPOSED JURY INSTRUCTIONS**, by U.S. District Court CM/ECF Electronic Filing on the following:

Carlos Ruiz #94960
Northern Nevada Correctional Center
P. O. Box 7000
Carson City, Nevada 89702

*<u>/s/ Roberta W. Bibee</u>*
An employee of the
Office of the Nevada Attorney General

**DUTY OF JURY (AT BEGINNING OF TRIAL)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.3 (Standard)

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff, Mr. Ruiz, alleges a claim arising from a time period when he was incarcerated within the Nevada Department of Corrections (NDOC). Plaintiff alleges that Defendants, as an NDOC officials, failed to allow him to practice his religious holy days, Messianic Judaism, on the days that they occur. Plaintiff further alleges that he is not provided an appropriate Biblical kosher diet with organic fruits and vegetables, including kosher meat. Finally, Plaintiff alleges that he was denied proper medical care for his back condition, including a brace and medication.

Plaintiff has the burden of proving these claims.

Defendants deny these allegations and deny Plaintiff's claims. Defendants contend that Plaintiff is provided with an appropriate kosher diet, and he failed to take advantage of the diet. Defendants further claim that Plaintiff could have requested additional holy day access, but did not do so. Finally, Defendants claim that Plaintiff received proper medical care, including testing that showed that there was no further treatment necessary on his back.

In addition to denying Plaintiff's claims, Defendants also contend that they are entitled to qualified immunity.

Plaintiff denies that Defendants are entitled to qualified immunity.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.5 (Modified)

**Modification of the instruction: This instruction was modified to provide a brief summary of the defendants' reasons for denying the claims of the plaintiff as well as to indicate the defendants' belief that they are entitled to qualified immunity. The modification was provided in order to help focus the jury on the dispute between the parties.**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.17 (Standard)

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.18 (Standard)

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.19 (Standard)

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else, including your family members, your friends, your employer, the media or press, and the people involved in the trial, including the attorneys. However, you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—

///

until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.15 (Modified as underlined)

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine. Then the Defendants may present evidence, and the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make any closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.21 (Modified as underlined)

**DUTY OF JURY (AT END OF TRIAL)**

Members of the jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do or have said or done, that I have an opinion regarding the evidence or what your verdict should be.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.4 (Standard without bracketed material)

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed if fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 3.1 (Standard)

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.6 (Standard)

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I have instructed you to accept as proved.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.9 (Standard without bracketed material)

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2) Questions and objections by the lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.10 (Modified as underlined, without bracketed material)

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness, about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.12 (Standard)

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.13 (Standard)

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.14 (Standard)

**IMPEACHMENT EVIDENCE - WITNESS**

The evidence that a witness was convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 2.9 (Modified as underlined); FED. R. EVID. 609.

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.1 (Modified as underlined)

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against the Defendants, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendants acted under color of state law; and
2. the acts or failures to act of the Defendants deprived Plaintiff of his particular rights under the United States Constitution as will be explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the Defendants acted under color of law.

If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under these instructions regarding a convicted prisoner's claim that his First and/or Eighth Amendment rights were violated, your verdict should be for Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendants.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.3 (Modified as underlined)

**PARTICULAR RIGHT—EIGHTH AMENDMENT—CONVICTED PRISONER'S CLAIM REGARDING MEDICAL TREATMENT**

As previously explained, Plaintiff has the burden of proving that the acts or failures to act the Defendants, deprived him of particular rights under the United States Constitution. In this case, Plaintiffs allege the Defendants deprived him of his rights under the Eighth Amendment to the Constitution by failing to give him appropriate medical care, including medication and a back brace.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove the Defendants deprived the Plaintiff of this right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

1. That the Plaintiff faced a substantial risk of serious harm;

2. Defendants were deliberately indifferent to that risk, that is, Defendants knew of it and disregarded it by failing to take reasonable measures to address it; and

3. The acts or failures to act of the Defendants caused harm to Plaintiff.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

In determining whether the Defendants violated Plaintiffs' rights as alleged, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security.

When a defendant lacks authority over budgeting decisions, the issue of whether a prison official met their duties to an inmate under the Eighth Amendment must be considered in the context of the personnel, financial and other resources available to the defendant or which they could reasonably obtain.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.27 (Modified as underlined with included bracketed material, brackets removed)

**PARTICULAR RIGHT—FIRST AMENDMENT—CONVICTED PRISONER'S CLAIM REGARDING FREE EXERCISE**

As previously explained, Plaintiff has the burden of proving that the acts or failure to act of the Defendants, deprived the Plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the Defendants deprived him of his rights under the First Amendment to the Constitution when Defendants refused to allow him to celebrate holy days on the day of the event, when they refused to provide grape juice and matzo for his religious services and when they refused to provide him with organic meats, fruits and vegetables for his kosher diet.

Under the First Amendment, a convicted prisoner has the right to be exercise his religious convictions. In order to prove the Defendants deprived the plaintiff of this First Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1) the prison's regulation substantially burdened a belief that is sincerely held and religious in nature; and

2) that the regulation is not reasonably related to legitimate penological interests

The Jury must give due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.

PROPOSED FINAL JURY INSTRUCTION NO. ____

*Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). *Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019)

**DEFERENCE TO PRISON OFFICIALS**

It is important that in your deliberation you be aware that this action arises in a prison institution. All inmates assigned to the Nevada Department of Corrections are convicted felons. In view of the unique nature of the prison environment, prison officials, such as the Defendants, are given broad discretion to maintain the security, order and discipline of the prison and broad deference must be given to their management decisions. State penitentiaries are occupied by convicted felons, either ineligible for or found to be unworthy of release into society. By its very nature, the operation of such a prison is a dangerous task. The reasonableness of the Defendants' actions must be determined against the backdrop of the prison environment. Great deference must be given to prison officials and their assessments regarding the operation of their prisons.

PROPOSED FINAL JURY INSTRUCTION NO. ____

*Jones v. North Carolina Prisoners Labor Union, Inc.*, 433 U.S. 119 (1977); *Michenfelder v. Sumner*, 860 F.2d 329, 331 (9th Cir. 1988) (citing *Turner v. Safley*, 482 U.S. 78, 79 (1987)); *Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2010).

**SPECIAL JURY INSTRUCTION –**

**QUALIFIED IMMUNITY**

If you conclude that a plaintiff has proved each essential element of either his Eighth Amendment or First Amendment claim with regard to the Defendant, you must consider whether the Defendant is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers or those who knowingly violate the law. It is a plaintiff's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the action undertaken by the Defendant in this case was lawful in light of clearly established law and the information the Defendant possessed. But the Defendant is not entitled to qualified immunity if, at the time of events leading to this lawsuit, a reasonable officer with the same information could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that the Defendant provide reasonable medical care to Plaintiff, and not retaliate against him for exercising his constitutional rights.

If, after considering the scope of discretion and responsibility generally given to correctional officers and prison officials in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to the Defendant at the time of the incident that led to this lawsuit, you find that a plaintiff failed to prove that no reasonable correctional officer, or prison official, could have believed that their actions were unlawful, then that particular Defendant is entitled to qualified immunity, and your verdict must be for that Defendant. But if you find that the Defendant violated a plaintiff's Eighth Amendment constitutional right to be free from cruel and unusual

///

///

///

treatment, and that the Defendant is not entitled to qualified immunity as to that claim, then your verdict must be for the plaintiff.

**Authority for Instruction: Pattern Jury Instructions (Civil Cases), Prepared by the Committee Jury Instructions, District Judges Association, Fifth Circuit 2014 with Revisions through October 2010 (citing, among other cases, *Malley v. Briggs*, 475 U.S. 335, 341 (1986), *Wilson v. Lopez*, 526 U.S. 603, 615 (1999), *Ascroft v. al-Kidd*, 131 S. Ct. 2074, 2086 (2011). The Pattern Jury Instructions can be downloaded viewed and downloaded at http://www.lb5.uscourts.gov/juryinstructions/fifth/2014civil.pdf, last accessed on May 7, 2018; *See also Vaughan v. Rickets*, 859 F.2d 736, 739 (9th Cir. 1988).**

**DAMAGES – PROOF AND MEASURE OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on his First or Eighth Amendment claims, you must determine that Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by the Defendant. You should consider the following, if any:

1. The nature and extent of the injuries; and
2. The economic harm, pain and suffering, and mental and emotional distress that results from the violations.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.1 and 5.2 (Modified); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308–309 (1986).

**DAMAGES—MITIGATION**

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.3 (Modified as underlined)

**DAMAGES –PRISON LITIGATION REFORM ACT**

With regard to the instruction that you may consider "the mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future" in computing whether the plaintiff is entitled to a damages award, you may only consider "mental or emotional injury suffered" to the extent you believe the plaintiff proved by a preponderance of the evidence that he suffered more than a *de minimis* physical injury that was suffered as a result of the acts of one of more of the defendants. If you conclude that the plaintiff did not suffer a physical injury, then you may not consider any mental or emotional injury the plaintiff contends occurred as a result of the acts of the defendants.

PROPOSED FINAL JURY INSTRUCTION NO. ____

42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

**NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.6 (Modified as underlined).

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 3.5 (Modified as underlined)

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 3.3 (Modified as underlined)

**SELF-REPRESENTED PARTY**

Carlos Ruiz is representing himself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Carlos Ruiz is acting as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Carlos Ruiz speaks in these parts of the trial, he is acting as his own advocate, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When a self-represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 1.22 (Modified)