__Filed __Received __Entered __Served On
Counsel/Parties of Record

APR 27 2023

Clerk US District Court
District of Nevada
By:________________ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.<br><br>Defendant. | Case No. 3:17-CV-00643-RCJ-CSD<br>Case No. 3:18-CV-00206-RCJ-CSD |

# JURY INSTRUCTIONS

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**BURDEN OF PROOF**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what facts are true consists of:

1. the sworn testimony of any witness;
2. the exhibits that are received into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say or have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties. The Plaintiff, Carlos Ruiz ("Ruiz"), has sued Kim Adamson and Tara Carpenter (collectively "Defendants"). Ruiz has brought an action against Tara Carpenter for Free Exercise of Religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and an action against Kim Adamson for Deliberate Indifference under the Eighth Amendment.

First, Ruiz alleges that the Defendant Tara Carpenter violated his First Amendment rights when she denied him, a Messianic Judaism practitioner, (1) from keeping the appointed holy days on the days they occur, (2) refusing to provide grape juice and matzah for Messianic Sabbath services and high Sabbaths, and (3) denying him a proper, biblical kosher diet including organic fruits and vegetables, as well as meat products while in incarceration.

Second, Ruiz also alleges that Defendant Kim Adamson violated his Eighth Amendment rights when she did not treat his back pain and refused to provide him with a back brace.

Ruiz must prove his claims by a preponderance of the evidence.

The Defendants deny any wrongdoing. Defendant Tara Carpenter argued that Ruiz is not entitled to a judgment under the First Amendment because he does not have a sincerely held religious belief and the Defendant did not burden his religious exercise. The Defendant also claims that the Defendant was not required to allow Ruiz to observe the holy days on the days they are observed because the prison could not accommodate the request. On the second claim, Defendant Kim Adamson argues that a difference in medical opinion does not establish deliberate indifference under the Eighth Amendment and that Ruiz was not harmed by the lack of treatment.

**SECTION 1983 CLAIM**

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against the Defendants, Ruiz must prove each of the following elements by a preponderance of the evidence:

1. Defendants acted under color of state law; and
2. the acts or failures to act of the Defendants deprived Ruiz of his particular rights under the United States Constitution as will be explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the Defendants acted under color of law.

If you find Ruiz has proved each of these elements, and if you find that Ruiz has proved all the elements he is required to prove under these instructions regarding a convicted prisoner's claim that his First and/or Eighth Amendment rights were violated, your verdict should be for Ruiz. If, on the other hand, Ruiz has failed to prove any one or more of these elements, your verdict should be for the Defendants.

**CLAIM 1 – First Amendment**

The Plaintiff, Carlos Ruiz, seeks to establish liability on two different legal bases. One of the plaintiff's claims is violation of his rights under the First Amendment. I will now instruct on the law relating to this claim.

**FIRST AMENDMENT (Claim 1)**

As previously explained, Ruiz has the burden of proving that the acts of Defendant Tara Carpenter deprived Ruiz of particular rights under the United States Constitution. In this case, Ruiz alleges the Defendant deprived him of his rights under the First Amendment to the Constitution when the Defendant denied him, a Messianic Judaism practitioner, (1) from keeping the appointed holy days on the days they occur, (2) refusing to provide grape juice and matzah for Messianic Sabbath services and high Sabbaths, and (3) denying him a proper, biblical kosher diet including organic fruits and vegetables, as well as meat products while in incarceration.

**FIRST AMENDMENT ELEMENTS (Claim 1)**

Under the First Amendment, a citizen has the right to free exercise of religion. To establish the Defendant deprived Ruiz of this First Amendment right, Ruiz must prove the following additional elements by a preponderance of the evidence:

1) the prison's regulation substantially burdened a belief that is sincerely held and religious in nature; and

2) that the regulation is not reasonably related to legitimate penological interests.

**CLAIM 2 – DELIBERATE INDIFFERENCE**

Ruiz's second claim is deliberate indifference to his back pain, which he argues was a violation of his Eighth Amendment rights. I will now instruct on the law relating to this claim.

**DELIBERATE INDIFFERENCE (Claim 2)**

As previously explained, Ruiz has the burden of proving that the failure to act of the Defendant Kim Adamson deprived Ruiz of particular rights under the United States Constitution. In this case, Ruiz alleges the Defendant deprived him of his rights under the Eighth Amendment to the Constitution when she did not treat his back pain and refused to provide him with a back brace.

**DELIBERATE INDIFFERENCE ELEMENTS (Claim 2)**

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to receive medical care. In order to prove the Defendant deprived Ruiz of this right, Ruiz must prove the following additional elements by a preponderance of the evidence:

1. Ruiz faced a serious medical need;
2. the Defendant was deliberately indifferent to that medical need, that is, the Defendant knew of it and disregarded it by failing to take reasonable measures to address it; and
3. the failure to act of the Defendant caused harm to Ruiz.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

**DAMAGES (Claim 1)**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ruiz on his First or Eighth Amendment claims, you must determine Ruiz's damages. Ruiz has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Ruiz for any injury you find was caused by the Defendants. You should consider the following, if any:

1. The nature and extent of the injuries; and
2. The economic harm, pain and suffering, and mental and emotional distress that results from the violations.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**RETURN OF VERDICT**

A verdict form has been prepared for you. The verdict form features many questions on individual factual issues, followed by instructions to proceed to a specific numbered issue or question depending on how you answer the questions. You will need to start at the top of the verdict form, answer the individual questions, and follow the instructions that immediately follow each question until the instructions take you to the end of the verdict form. You should try to reach unanimous agreement on a verdict. After you have reached unanimous agreement on a verdict, your presiding juror or foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk or bailiff that you are ready to return to the courtroom.

Dated this 27th of April, 2023.

ROBERT C. JONES
United States District Judge